IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OZZIE PICKETT, #N-50240,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-0156-MJR |
| | ) |
| **YOLANDE JOHNSON,** | ) |
| **SCANNING TAMMS,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge**

This action is before the Court on four motions filed by Plaintiff: motion requesting status report (Doc. 7); motion for order to show cause (Doc. 9); motion for temporary restraining order and preliminary injunction (Doc. 10); and motion for status report (Doc. 13). The Court will address each of these motions in this Order.

 A. **Motion for Status Report**

On July 26, 2011, Plaintiff filed a motion requesting a status report (Doc. 7). Plaintiff specifically requested updates on the status of earlier motions he had filed. However, on July 25, 2011, the day before Plaintiff filed the instant motion, this Court addressed those motions in an order, denying one and granting the other (Doc. 6). The Court believes it is likely that Plaintiff filed the instant motion before receiving this Court's order disposing of the motions about which he inquires. Because the July 25 order provides the update which Plaintiff seeks, this motion is **DENIED** as moot.

**B.      Motion for Order to Show Cause**

On August 15, 2011, Plaintiff filed a motion to show cause (Doc. 9). This motion is styled as a court document wherein the Defendants, and numerous unnamed parties, would be ordered to show cause why a preliminary injunction should not issue (Doc. 9, p. 1). This motion is **DENIED**. Plaintiff is advised that he may file motions with the Court, but the undersigned Judge will draft his own orders.

**C.      Motion For Temporary Restraining Order and Preliminary Injunction**

On August 15, 2011, Plaintiff filed a motion for a temporary restraining order and preliminary injunction (Doc. 10). Technically, these are two distinct actions, so the Court will address each in turn. Plaintiff seeks issuance of a temporary restraining order (TRO), because he alleges that Tamms staff is denying him his legal material, access to the law library, and use of the mail system (Doc 10).

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. **FED. R. CIV. P. 65(b)(2)**. A TRO may issue without notice *only* if:

>   (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

**FED. R. CIV. P. 65(b)(1)**.

Plaintiff also seeks a preliminary injunction (Doc. 10). Plaintiff believes the Defendants, and other unnamed parties, should be required to return confiscated property to him, and restore his access to the law library and his mailing privileges. The United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should

not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." ***Christian Legal Soc. v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)).** In considering whether to grant injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. ***Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999); *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009)**.

Without expressing any opinion on the merits of any of Plaintiff's other claims for relief, the Court is of the opinion that neither a TRO nor a preliminary injunction should be issued in this matter. As to Plaintiff's request for a TRO, his allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm that would occur before Defendants can be heard. Plaintiff clearly has access to this Court, as he was able to file the above-mentioned motions on July 26 and August 15, 2011, indicating that he is not at risk of losing the ability to file court documents.

Plaintiff also falls short of demonstrating that a preliminary injunction is warranted. Plaintiff has not provided this Court with information that would lead the undersigned Judge to

3

believe that his claims have a reasonable chance of success on their merits. Additionally, federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff.

Finally, Plaintiff is advised that though his motion is full of new allegations of denial of his personal property and legal materials, and denial of access to the law library, these will not be considered as supplemental to Plaintiff's current complaint. Should Plaintiff wish the Court to consider these claims, he must bring them in a new suit.

Accordingly, this motion for issuance of a temporary restraining order or preliminary injunction (Doc. 10) is **DENIED**.

### D.     Motion for Status Update

On August 29, 2011, Plaintiff filed another motion for a status update in this case (Doc. 13). In this motion, Plaintiff requests to know the status of the above mentioned motions for a restraining order and preliminary injunction. Because this order satisfies that need, this portion of the motion is **DENIED** as moot. Plaintiff also asks the Court to provide him with a copy of the Court's docket sheet. This portion of the motion is **GRANTED**. The Clerk of Court is **DIRECTED** to provide the Plaintiff with a copy of the docket sheet in this case.

**Summary**

In sum, Plaintiff's motion requesting status report (Doc. 7) is **DENIED** as moot; the motion for order to show cause (Doc. 9) is **DENIED**; the motion for temporary restraining order and preliminary injunction (Doc. 10) is **DENIED**; and the motion for status report (Doc. 13) is **DENIED** as moot in part, and **GRANTED** in part.

**IT IS SO ORDERED.**

**DATED this 22nd day of September, 2011**

>**/s/ MICHAEL J. REAGAN**
>**MICHAEL J. REAGAN**
>**United States District Judge**